**Viviana MALDONADO–MENDOZA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–72412.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Viviana Maldonado–Mendoza, Anaheim, CA, pro se.

Gary E. Mastin, Fountain Valley, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Viviana Maldonado–Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to terminate proceedings and finding her inadmissible for participation in alien smuggling. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact. *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

■ Maldonado–Mendoza claims that she did not know that the passenger she attempted to drive across the border lacked proper documentation to enter the United States. However, the immigration official who conducted Maldonado–Mendoza's sworn interview testified that the I–213 form accurately reflected her statement that she did know this information.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Maldonado–Mendoza has pointed to no evidence that the statement in the I–213 form was the result of coercion. *See Cuevas–Ortega v. INS,* 588 F.2d 1274, 1278 (9th Cir.1979) ("the bare assertion that a statement is involuntary is insufficient" to prove coercion); *see also Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it."). Moreover, the IJ articulated specific and cogent reasons for crediting the official's testimony and Maldonado–Mendoza's statements contained in the I–213 form over her testimony at the hearing. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002). Substantial evidence supports the IJ's determination that Maldonado–Mendoza was inadmissible for assisting alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i). *See Moran,* 395 F.3d at 1091–92.

■ We lack jurisdiction to review Maldonado–Mendoza's contention that she was denied a full and fair hearing due to the government's inability to identify a potential witness because she did not raise that issue to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.